**William S. EPSTEIN and Joan Epstein, Plaintiffs,**

**v.**

**Seymour WEISS et al., Defendants.**

**Civ. A. No. 67–233.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 12, 1970.

Campbell C. Hutchinson, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, La., for plaintiffs.

H. Barton Williams, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendants.

ON MOTIONS BY PLAINTIFFS TO MAINTAIN A CLASS ACTION, TO INTERVENE, AND TO AMEND THE COMPLAINT

CASSIBRY, District Judge:

This action is brought by the plaintiffs, on their own behalf and as representatives of a class of persons similarly situated, based upon an alleged violation of Sections 10(b) and 20 of the Securities Exchange Act of 1934, as amended, and the Rules and Regulations of the Securities and Exchange Commission promulgated thereunder, particularly Rule 10(b)–5. The defendants are Standard Fruit & Steamship Company ("Standard") and Castle & Cooke, Inc. ("Castle"), and certain individuals who were members of the Board of Directors of Standard in August of 1965. Standard and Castle made a joint tender offer to the common stockholders of Standard on August 18, 1965 for the purchase of common stock of Standard. Plaintiffs, a husband and wife who tendered thirty shares pursuant to the Tender Offer, represent the class of Standard shareholders who tendered their shares. They allege that the information contained in the Tender Offer was materially misleading and failed to state material facts necessary in order to make the statements made not misleading.

Presently before this Court are the following motions filed on August 1, 1969 and argued on November 19, 1969:

(1) A motion by the plaintiffs requesting leave of court to amend and supplement their original complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure;

(2) A motion to intervene as co-plaintiff by Herbert Shaffer, Jr., pursuant to Rules 23 and 24; and

(3) A motion by the plaintiffs and the proposed intervenor to declare that this action may be maintained as a class action pursuant to Rule 23(c) (1).

I

FACTS

This action was originally brought in 1966 in the United States District Court for the Southern District of New York, but was transferred in 1967 to this Court on the basis that the Eastern District of Louisiana is the most convenient forum for this action. Standard is a Delaware corporation with its principal place of business in New Orleans, Louisiana. Castle is a corporation organized under the laws of, and having its principal place of business in, the State of Hawaii.

Plaintiffs' allegations are as follows:

In August of 1965, approximately 986,748 shares of Standard's $2.50 par value common stock were issued and outstanding, the stock being traded on the over-the-counter market. Of the outstanding common shares, the defendant Castle owned approximately 56.6% and was, therefore, the majority and controlling stockholder. Castle acquired its interest in Standard in October of 1964 when it purchased approximately 53% of the outstanding common shares for $26 per share.

On or about August 18, 1965, Standard and Castle made a joint offer in writing ("Tender Offer") to all of the common stockholders of Standard to purchase a minimum of 200,000 common shares (or such lesser number as might be tendered) at a price of $26 per share. The Tender Offer provided that shares purchased up to 200,000 would be allocated equally between Standard and Castle, and additional shares purchased, if any, would be purchased by Castle. The Tender Offer was scheduled to and did expire on September 9, 1965. Between August 18, 1965 and the close of the Tender Offer on September 9, 1965, 280,843 shares of common stock were tendered; all these shares were pur-

chased on September 9 by Standard and Castle at $26 per share. Among the shares tendered were those owned by the plaintiffs and the proposed intervenor.

The gravamen of plaintiffs' complaint is that the financial information contained in the defendants' Tender Offer was materially misleading. The plaintiffs allege that while the Tender Offer contained comparative earnings figures for the first 24 weeks of 1964 and 1965 which indicated a marked decline in earnings in 1965, the defendants knew but failed to disclose that the comparative earnings and prospects of Standard had substantially improved between the end of the 24-week period and the date of the Tender Offer. The plaintiffs allege that the defendants had in their possession interim accounting reports, showing that a favorable reversal in earnings occurred in the accounting periods between the first 24 weeks of 1965 and the date of the Tender Offer compared to the same accounting periods in 1964, and that Standard's consolidated net income for the 8-week period immediately preceding the Tender Offer (June 19–August 14, 1965) exceeded the earnings for the similar period in 1964 by $535,817.

Plaintiffs claim further that the defendants also failed to disclose in the Tender Offer other facts, plans and projections indicating that the business, sales and earnings of Standard would substantially improve in the future and that the market price of common shares would rise rapidly.

The defendants have answered denying the essential allegations of the complaint.

## II

### THE CLASS ACTION MOTION

The plaintiffs brought this action as a class action on behalf of all persons, except directors, officers and employees of Standard and Castle, who tendered shares of Standard stock pursuant to the Joint Tender Offer and received $26 per share therefor. The Court is convinced that this action is properly brought and maintainable as a class action.

█ To be maintainable as a class action, a suit must meet the requirements enumerated in Section (a) of Rule 23 and also fall within one of the sub-sections of Rule 23(b). Rule 23(a), as amended in 1966, provides as follows:

"One or more members of a class may sue * * * as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims * * * of the representative parties are typical of the claims * * * of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

The defendants do not contest the first three requirements of Section (a) of the Rule, i. e., the size of the class, the common nature of questions of fact or law, and the claim of the parties being typical of claims of the class. The class members are the former holders of 280,843 shares of Standard common stock, a class which the defendants allege to number 702 stockholders, a number far too large to require joinder. It is also obvious that questions of law and fact raised by the plaintiffs' complaint are common to all members of the class. Since each class member tendered under the same Tender Offer and pursuant to the identical writing, questions of fact are common to all persons who tendered their shares. Questions of law are also common to class members, namely, whether the acts complained of constituted a violation of the Securities Exchange Act. Similarly, the claims of the representative parties are typical of the claims of the class since the plaintiffs, in order to establish their own case, must prove that of the others. The interests of the plaintiffs are not in conflict with or antagonistic to those of the

class members. Mersay v. First Republic Corp., 43 F.R.D. 465 (S.D.N.Y.1968).

The defendants' one objection under Rule 23(a) is that the plaintiffs do not fairly and adequately represent the interest of the class. The defendants further allege that individual issues predominate over class issues, precluding the application of Section (b) (3) of Rule 23.

*Adequacy of Representation*

■ It is now well settled that neither the number of representative parties nor their financial interests is controlling in determining whether the plaintiffs will fairly and adequately protect the interests of their class. Thus, a single plaintiff may represent the entire class, no matter how small his claim may be, if other factors indicate that he will fairly and adequately protect the interests of his class. Green v. Wolf Corporation, 406 F.2d 291 (2nd Cir. 1968); Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 563 (2nd Cir. 1968).

■ The defendants argue that there has been inadequate representation of the class by the plaintiffs because only one shareholder owning 1,000 shares has sought to intervene. This same contention has been rejected in Eisen v. Carlisle & Jacquelin, *supra*, Green v. Wolf Corporation, *supra*, and Hohmann v. Packard Instrument Co., 399 F.2d 711 (7th Cir. 1968). Although the sole plaintiff in *Green* represented a class exceeding 2,000 shareholders who purchased stock pursuant to three separate prospectuses issued by the defendant, and no interventions had been filed, the court held that he fairly and adequately protected the interests of the class under Rule 23(a) (4):

"We have also explained that quantitative factors, such as the fact that no other shareholders have sought to intervene in this action, are not relevant to consideration of the adequacy of plaintiff's representation under Rule 23(a) (4). [Citing *Eisen*]" Green v. Wolf Corporation, *supra*, 406 F.2d at 298.

Similarly, a single plaintiff was permitted to assume representation of the entire class in Brennan v. Midwestern United L. Ins. Co., 259 F.Supp. 673 (D. Ind.1966); Zeigler v. Gibralter Ins. Co., 43 F.R.D. 169 (D.S.D.1967); Harris v. Jones, 41 F.R.D. 70 (D.Utah 1966); Booth v. General Dynamics Corp., 264 F. Supp. 465 (N.D.Ill.1967). In *Eisen* a single odd-lot investor with damages of $70 was allowed to represent a class of some 3,750,000 individuals, the court stating that "If we have to rely on one litigant to assert the rights of a large class then rely we must." 391 F.2d at 563.

In Weisman v. MCA, Inc., 45 F.R.D. 258 (D.Del.1968), two small shareholders brought a class action under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)–5. The class of selling stockholders numbered 373 and one other class member owning 1,000 shares had expressed his opinion that the class action proceed. In rejecting the defendant's argument that the class action should not be maintained because only one other class member had evidenced an interest in the action, the court stated that the defendant's contention was premature, if not irrelevant. Further:

"Indeed, since the amended Rule 23(c) (2) grants absent members the effect of the judgment unless they exclude themselves, the Court's concern should be more with those affirmative expressions of disapproval than with the silence of the represented." Weisman v. MCA, Inc., 45 F.R.D. at 262.

■ Defendants next argue that the plaintiffs have inadequately represented the class because (a) they should have moved for a determination of the class action sooner, and (b) they should have asked for rescission initially rather than

by supplemental pleadings.[1] The only authority cited for the first proposition is Herbst v. Able, 45 F.R.D. 451 (S.D. N.Y.1968), which is inapposite. There, several plaintiffs completely failed to move to maintain the class action despite an order by the court requiring such motions to be filed by a specific date. The argument that plaintiff's representation is inadequate because he initially chose the remedy of damages rather than rescission has no merit. Under Rule 54(c) of the Federal Rules, a party shall be granted the relief to which he is entitled, even if he has not demanded such relief in his pleadings. In J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), the Supreme Court held that federal courts have the right to adjust remedies so as to grant necessary relief where federally secured rights are invaded.

█ This action was brought in 1966 as a class action; prior to the joining of issue, the defendants caused the case to be removed to this district from the Southern District of New York under 28 U.S.C. Section 1404(a). Plaintiffs then retained New Orleans counsel, who made their first appearance in the case on June 15, 1967, and issue was first joined by the filing of the defendants' answer on August 1, 1967. Based on a stipulation of counsel entered into prior to the removal of the case from the Southern District of New York, the defendants were "to have priority in the conduct of the examinations before trial." Plaintiffs were therefore precluded from commencing depositions until the defendants completed their examination, which occurred with the taking of Mr. Epstein's deposition on July 28, 1968. Since that time and prior to the filing of this motion on August 1, 1969, counsel for the plaintiffs have engaged in the discovery activities that they represent to be necessary to obtain proof of the facts supporting their claim. Under the circum-

stances, the plaintiffs have not been dilatory in seeking a Rule 23(c) (1) determination. Furthermore, the defendants have not been prejudiced by this delay and make no claim that they have suffered thereby.

█ Adequacy of representation is met by satisfaction of two requirements. First, the representatives must share common issues and interests with the unnamed class members. Second, the court must be assured that the representatives will vigorously prosecute the rights of the class through qualified counsel. Dolgow v. Anderson, 43 F.R.D. 472, 494 (E.D.N.Y.1968); Chaffee, Some Problems of Equity 231 (1950). These two requirements have been met in this case. The interests of the plaintiffs and the members of their class seem identical, and their counsel have vigorously pursued their rights since the inception of this action.

This Court is convinced that the plaintiffs have satisfied all four requirements under Section (a) of Rule 23.

*Common Issues Predominate Over Individual Issues*

When the prerequisites of Section (a) of Rule 23 are satisfied, an action may be maintained as a class action if it falls within one of the three subsections of Rule 23(b). Subsection (b) (3) provides that an action satisfying 23(a) may be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to all other available methods for the fair and efficient adjudication of the controversy."

The defendants allege that each member of the class must establish reliance on the tender letter, the materiality of the information omitted from the tender letter, and the damages suffered by him,

1. Plaintiffs' original complaint asks for damages; their amended and supple-

mental complaint prays for rescission of the sales and, in the alternative, damages.

and that these individual issues outweigh the common issues in this case.

■■ The jurisprudence under Rule 23(b) (3) regarding the requirement of "predominance" is now well established. As one commentator has recently stated, "[i]n securities fraud cases, the class questions are deemed to predominate if at least some of the false representations were in writing and reached all members of the class." Pomerantz and Haudek, "Class Actions," 2 Review of Securities Regulation 939 (March 4, 1969). In Moscarelli v. Stamm, 288 F. Supp. 453 (E.D.N.Y.1968), relied upon by the defendants, the court distinguished causes of action arising solely from oral misrepresentations from those arising out of written documents, and said: "Class actions in securities cases are maintainable where there has been a standardized misrepresentation to a group through a prospectus, proxy statement, financial statements or form letter * * *." 288 F.Supp. at 462. Even if there exist individual issues that must be determined, the class issues will predominate if the complaint alleges a common course of conduct over a period of time, directed against the members of the class, generally relied upon, and violating common statutory provisions. Esplin v. Hirschi, 402 F.2d 94, 100 (2d Cir. 1968); Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 914 (9th Cir. 1964). In the *Harris* case the court held that even dissimilar misrepresentations would sustain a class action if omissions of material fact, in addition to affirmative misrepresentations, established a common course of conduct.

The defendants' contention that there are individual issues of reliance and damages that predominate over class issues has been rejected in numerous recent cases under Rule 23(b) (3). Their attempt to classify the question of materiality as an individual rather than a common issue seems misplaced. Materiality has always been recognized as an issue common to the class. Under the definition of materiality set forth in Kohler v. Kohler Co., 319 F.2d 634, 642 (7th Cir. 1968), a material fact is any fact which in reasonable and objective contemplation might affect the market value of the corporation's stock. In S. E.C. v. Texas Gulf Sulphur Co., 401 F.2d 833, 849 (2d Cir. 1968), the court again stated that the test of materiality is whether *the reasonable man* would attach importance to the undisclosed facts in determining his choice of action. See List v. Fashion Park, Inc., 340 F.2d 457 (2d Cir. 1965); Restatements, Torts § 538(2).

Because of the nature of the facts in this case, it is doubtful that even reliance and damages are individual issues. Unlike cases involving the *purchase* of stock, where the members of the class may have purchased at different prices and sold at different prices, resulting in different losses, this case involves the *sale* of shares by a class at the same price, pursuant to the same Tender Offer. If the defendants are liable, it would appear that each member of the class suffered the same loss per share. With respect to reliance, cases have indicated that where the defendant's liability results from an *omission* of material facts, the proof of reliance by each class member may be unnecessary. Esplin v. Hirschi, 402 F.2d at 99–100. In Myzel v. Fields, 386 F.2d 718 (8th Cir. 1967), cert. den., 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968), the court quoted from 3 Loss, Securities Regulations 1965 (2d Ed. 1961) to the effect that in cases of nondisclosure, if reliance is a prerequisite to recovery, it is "little more than a formal requirement." Professor Bromberg, a recognized authority in the field of securities fraud, states that "In nondisclosure cases, reliance has little, if any, rational role." Bromberg, Securities Law: SEC Rule 10(b)– 5, § 8.6, p. 209 (1968).

■ Nevertheless, even if reliance and damages were found to be individual issues, the existence of these issues

does not defeat the class action. The courts have consistently recognized that the possible necessity for separate trials on specific individual issues does not bar a class action. Green v. Wolf Corporation, *supra*, 406 F.2d at 301; Esplin v. Hirschi, *supra*, 402 F.2d at 100; Harris v. Palm Springs Alpine Estates, Inc., *supra*; Kronenberg v. Hotel Governor Clinton, Inc., 41 F.R.D. 42 (S.D.N.Y. 1966); Fischer v. Kletz, 41 F.R.D. 377 (S.D.N.Y.1966); Weiss v. Tenney Corp., 47 F.R.D. 283, 290–291 (S.D.N.Y.1969); Dolgow v. Anderson, *supra*, 43 F.R.D. at 490–491; Fogel v. Wolfgang, 47 F.R.D. 213, 217 (S.D.N.Y.1969); Mersay v. First Republic Corp., *supra*.

In the recent edition of Professor Moore's treatise, he summarizes the law on the availability of the class action in securities fraud cases where individual issues may be present:

> "On the whole, individual questions with respect to reliance have not defeated the class status of fraud cases; reliance is often one of the factors remanded to the separate proceedings on individual recovery, and, substantively, it may be relatively immaterial once the form of fraud giving rise to liability is determined. Greater difficulty has been acknowledged where the representations themselves varied as to different members of the class.
>
> \*   \*   \*   \*   \*   \*
>
> "Having found that the class members' claims are grounded in one set of defendant's actions, courts view individual variations as unimportant. \*   \*   \*" 3B Moore's Federal Practice ¶23.45[2] at 23–763–765.

> "Recognition of this severability is crucial to the availability of the class action device in almost all securities fraud suits. As Judge Kaufman remarked in Green v. Wolf Corp. (CA 2d, 1968) 406 F2d 291, 301, 12 FR Serv2d 23b.3, Case 11, the existence

of the individual reliance issue cannot defeat class treatment on the question of falsity of the statements, because '[c]arried to its logical end, it would negate any attempted class action under Rule 10b–5, since \* \* \* reliance is an issue lurking in every 10b–5 action.'" 3B Moore's Federal Practice *supra* at 23–763 n. 43.

■ Moreover, as noted by the court in Dolgow v. Anderson, *supra*, 43 F.R.D. at 491: "If plaintiffs prevail on the common issues, the court—with close co-operation from counsel for both sides—should have little difficulty developing equitable procedures, appropriate to the circumstances of this case, to dispose of any individual issues."

■ In their reply brief submitted after oral argument, the defendants claim that the plaintiffs' class is actually composed of several classes because of the difference in the size of their stockholdings and because some tendering stockholders were large financial institutions and brokers, some were individuals tendering through brokers, and some were related to Standard insiders. The defendants' argument would preclude the effective use of the class action in most securities fraud cases since these characteristics are common to stockholders in all public corporations. The court is convinced that there exists only one class: Those persons who tendered their Standard shares pursuant to the Tender Offer. If the plaintiffs are correct in claiming that the defendants omitted to state material facts from the tender letter, the omitted information was no more available to brokers and large investment institutions than it was to the small investor. All investors would have been misled by the same operative facts. As stated in Esplin v. Hirschi, *supra*, a failure to disclose material facts is a "default necessarily common to all shareholders." 402 F.2d at 100.

*Superiority of the Class Action*

The class action is obviously superior in cases such as this where a large number of individuals may have been injured, but where no one person may have been damaged to the degree which would have induced him to institute litigation solely on his own behalf. Indeed, to deny the class action would often in this type of case be to deny redress itself:

> "By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation."
>
> Eisen v. Carlisle & Jacquelin, 391 F. 2d 555, 560 (2d Cir. 1968).

See also Weeks v. Bareco Oil Co., 125 F. 2d 84, 90 (7th Cir. 1941); Escott v. Barchris Construction Corp., 340 F.2d 731, 733 (2d Cir. 1965), cert. den. sub. nom., Drexel & Co. v. Hall, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63.

The difficulties likely to be encountered in the management of a class action have not been held to be substantial in more complicated cases, and certainly should be no greater here. If difficulties in managing this suit as a class action in the present form should in the future prove to be so great as to be insurmountable, the court's decision can be altered or amended. F.R.Civ.P. 23(c) (1).

> "It cannot be denied that the resolution of the class action issue in suits of this type places an onerous burden on the trial court. But if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require."
>
> Esplin v. Hirschi, *supra*, 402 F.2d at 99.

## III

## MOTION TO INTERVENE

The proposed Petition in Intervention of the intervenor is substantially the same as the complaint of the original plaintiffs herein. The intervenor claims to have been injured by the defendants because of the same omissions of material fact and misstatements contained in the Tender Offer, and his request for relief is identical to that requested by the plaintiffs in proposed amended and supplemental complaint. The intervenor is represented by counsel for the original plaintiffs. Intervention is sanctioned by Rule 24(b) (2) of the Federal Rules which provides that any person may be permitted to intervene if his claim and the main action have a common question of law and fact. It is apparent from reading Rule 23 that the right to intervene in a class action is available. Subdivision (d) (2) of the Rule specifically provides that the court may make appropriate order so that class members may intervene or otherwise come into the action.

Since the claims of the intervenor are identical to those of the plaintiffs, and no prejudice or delay will result from the intervention, the motion to intervene is granted.

## IV

## MOTION TO AMEND

The defendants have raised no objection to the proposed amendment of the complaint insofar as it sets forth additional factual allegations. Therefore, the motion to amend paragraphs 13 and 14 of the plaintiffs' complaint is granted.

Additionally, the plaintiffs have moved to amend their complaint to allege a cause of action under the state law and to pray for rescission as their primary remedy and for damages in the alternative. The motion to amend, insofar as it relates to these issues, is continued under advisement of the Court.

## ORDER

Considering the foregoing,

It is ordered, adjudged and decreed that:

1. Plaintiffs' motion to amend and supplement their Complaint, as to paragraphs 13 and 14, is granted.

2. Plaintiffs' motion to amend and supplement their Complaint, as to paragraphs 20, 21 and 22 thereof and paragraph (A) of the prayer to the Complaint, is continued under advisement.

3. The motion of Herbert Shaffer, Jr. to intervene as a co-plaintiff is granted.

4. Plaintiffs' motion that this proceeding be maintained as a class action under Rule 23(c) (1) of the Federal Rules of Civil Procedure is granted.

5. The Court directs counsel for the plaintiffs to prepare a form of notice that will fulfill the requirements of Rule 23(c) (2) and a proposed order specifying the method of giving notice to the class and to submit such form of notice and proposed order to the Court and to counsel for the defendants within seven (7) days from the date hereof. The defendants are given seven (7) days from their receipt of the proposed form of notice and order in which to file objections thereto.