**Ida Vene ARMOUR, Plaintiff,**

v.

**CITY OF ANNISTON, a municipal corporation, d/b/a "Anniston Memorial Hospital," and Northeast Alabama Regional Medical Center Board, an unincorporated association, Defendants.**

**Civ. A. No. 75–G–2312–E.**

United States District Court,
N. D. Alabama, E. D.

Nov. 26, 1980.

Edward Still and Susan Williams Reeves, Birmingham, Ala., for plaintiff.

Walter J. Merrill, Anniston, Ala., for defendants.

## MEMORANDUM OPINION

GUIN, District Judge.

This court originally denied class certification in the above-styled cause in its order dated July 22, 1976, which was amended by an order dated November 18, 1976. The court held a hearing on the class certification issue on June 14, 1976. Final judgment against the plaintiff's individual claim was entered March 8, 1977, after an extensive trial had been held on October 21, 1976. The Fifth Circuit affirmed the district court's decisions on both the individual and the class action in its opinion dated June 13, 1979. After granting a writ of certiorari, the United States Supreme Court vacated the judgment and remanded the case to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63

L.Ed.2d 479, and *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). In its order dated July 15, 1980, the United States Court of Appeals for the Fifth Circuit remanded the case to this court to determine, after such hearing or hearings as this court might see fit, whether or not there is still a live controversy involving the proposed class, and, if so, whether or not Mrs. Armour is a proper class representative, and, if she is not, to substitute an appropriate class representative should one desire to be appointed.

Due to the two extensive hearings held in this cause and the failure of anyone to intervene, move to be substituted in the proposed class action, or to bring another action after four and a half years, this court holds that there is patently no live case or controversy.

At the Rule 23 hearing and at the trial it was clear and this court has held that the plaintiff, Ida Vene Armour, was discharged for good cause and on unique facts, not typical of even one other employee. No class of mistreated black people has been shown. Mrs. Armour abandoned her job without seeking or receiving prior permission on February 26, 1972, and she refused to return to work unless she was transferred to another shift.

The evidence does not show that Mrs. Armour was discharged because of her race. To the contrary, the testimony and exhibits presented during the trial indicate that the supervisors and administrators at the hospital took a conciliatory attitude toward Mrs. Armour's poor employment record. They attempted to provide constructive advice. Furthermore, following the radio incident outlined in the finding of fact of this court on March 8, 1977, Mrs. Harris, the Director of Nursing Services, honored Mrs. Armour's request for a transfer to another shift. Thus, this court found that Mrs. Armour's employer tried to cooperate with Mrs. Armour and meet her requests. Mrs. Armour's final conduct constituted inexcusable insubordination that no employer should be forced to tolerate.

Thus, Mrs. Armour was discharged under unique facts, not typical or common of any class. No one has intervened as a member of the class, and no similar case has been filed. Thus, the Rule 23 numerosity requirement has not been met.

Under the analysis used in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), to determine justiciability in the class action context, Mrs. Armour, as the named plaintiff, no longer has any personal stake in the controversy because the court found that she had no individual claim. Thus, she has no right to shift the costs of her litigation to the members of the class, as did the plaintiffs in *Deposit Guaranty*.

Although the named plaintiffs' claims were moot in *United States v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), prisoners currently affected by the guidelines had moved to be substituted or to intervene. Thus, there was a live controversy. However, no one has moved to be substituted or to intervene in Mrs. Armour's action.

Therefore, this court finds that there is no live controversy involving the proposed class, in light of the recent decisions in *Deposit Guaranty* and *Geraghty*.

Although it has been shown that this cause is due to be dismissed because there is no longer a live controversy involving the proposed class, and a class has to be certified before a representative can be selected, this court also finds that Mrs. Armour is not a proper class representative. This court well remembers and is of the opinion that Mrs. Armour perjured herself on the witness stand. Courts have looked to such factors as honesty, conscientiousness and other affirmative personal qualities to determine whether a named individual is a proper class representative. *See* 7 Wright and Miller § 1766 at 632–634; *Apanewicz v. General Motors Corp.*, 80 F.R.D. 672, 678 (D.C.Pa.1978); *Carpenter v. Hall*, 311 F.Supp. 1099, 1114 (D.C.Tex.1970); *Technograph Printed Circuits, Ltd. v. Methode*

*Electronics, Inc.*, 285 F.Supp. 714, 721 (D.C. Ill.1968).[1]

Furthermore, this court cannot substitute an appropriate class representative, as no one has moved to intervene or to be substituted as a member of the alleged class. Thus, there is no one from whom to select.

For the reasons contained herein, which are not all of the reasons, but are adequate reasons, this court finds that this cause is due to be dismissed.

An order consistent with this Memorandum Opinion will be entered contemporaneously.

---

1. Rule 23.1 contains an identical requirement to that found in Rule 23 that the named plaintiff "fairly and adequately" represent the interests of the shareholders or members. This requirement in Rule 23.1 is said to be based on the requirements in Rule 23, and cases concerning Rule 23 decided before 1966, the year in which Rule 23.1 was carved out of Rule 23, are equally applicable to Rule 23.1. 7A Wright and Miller, *Federal Practice and Procedure*: Civil § 1821 at 300.301 (1972). Conversely, cases concerning this clause in Rule 23.1 should be equally applicable, or at least strongly persuasive, in an interpretation of the clause in Rule 23. Consequently, this court also cites its opinion in *Roussel v. Tidelands Capital Corporation*, 438 F.Supp. 684 (N.D.Ala.1977), and the authorities cited therein for the proposition that the named plaintiff has a fiduciary relationship to the members of a class or the shareholders in a shareholder derivative suit. Thus, if the court finds through extrinsic factors that the representative may disregard the interests of the class members, the court may hold that the plaintiff will not fairly and adequately represent the class. Due to Mrs. Armour's perjury on the stand, the court so finds that Mrs. Armour would not be a proper class representative.