Margarito **LEYVA, Franco Felix, and all others similarly situated,** Plaintiffs,

v.

**Ken BULEY, d/b/a Buley Farms, Defendant.**

No. C–88–581–JLQ.

United States District Court, E.D. Washington.

March 21, 1989.

Guadalupe Gamboa and Michelle Mentzer, Evergreen Legal Services, Granger, Wash., for plaintiffs.

Richard Fitterer, Moses Lake, Wash., for defendant.

## ORDER GRANTING MOTION FOR CLASS CERTIFICATION, INTER ALIA

QUACKENBUSH, District Judge.

BEFORE THE COURT are plaintiffs' Motion for Class Certification (Ct.Rec. 15); Motion to Strike Defendant's Memorandum in Opposition (Ct.Rec. 25); Motion for Hearing on Shortened Time (Ct.Rec. 28); and defendant's Motion to Strike Complaint (Ct.Rec. 29) and Motion for Hearing on Shortened Time (Ct.Rec. 32). A hearing on said matters was held on March 20, 1989. Guadalupe Gamboa appeared on behalf of plaintiffs; Richard C. Fitterer appeared on behalf of defendant. Having reviewed the record, heard from counsel, and being fully advised in this matter, this order is intended to memorialize the court's oral ruling in the hearing on this matter.

### FACTUAL BACKGROUND

Plaintiffs' complaint, filed October 25, 1988, alleges that plaintiffs are agricultural workers employed by defendant to harvest asparagus during 1988, and for whom defendant failed to pay the minimum wage required by the Fair Labor Standards Act, 29 U.S.C. §§ 216(b) and 217, and state wage and contract laws, as well as alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1854(a) (AWPA). Plaintiffs seek preliminary and permanent injunctive relief prohibiting further violations of the AWPA and state labor camp regulations, WAC 248–63, and monetary damages, including liquidated damages under the FLSA, and statutory damages under the AWPA.

Plaintiffs filed their motion for class certification on January 24, 1989, seeking leave to pursue this action as a class action under Fed.R.Civ.P. 23(a), 23(b)(1)(A), 23(b)(2) and 23(b)(3). For purposes of Fed.R.Civ.P. 23(b)(1)(A) and 23(b)(2), the class is defined as:

all migrant and seasonal farmworkers who have been, since April 1, 1988, or will be recruited, solicited, hired or employed by defendant Ken Buley, or by someone acting on defendant's behalf, for agricultural employment.

(Ct.Rec. 16). For purposes of Rule 23(b)(3), the class is defined as:

all migrant and seasonal farmworkers who have been between April 1, 1988 and July 1, 1988, recruited, solicited, hired or employed by defendant Ken Buley or by someone acting on defendant's behalf, for agricultural employment. (Ct.Rec. 16).

Plaintiffs allege that defendant employed approximately 50 members of the potential plaintiff class during the 1988 asparagus season, and that there are common questions of law and fact. Among the common questions of fact are whether defendant failed to disclose written information on the terms and conditions of employment; failed to post notice of plaintiffs' AWPA rights; failed to post a statement of the terms and conditions of housing or to keep said housing in compliance with safety and health standards; failed to keep, make and preserve certain payroll records; failed to provide itemized written statements of payroll information; failed to pay wages when due, discriminated against plaintiffs for exercising the AWPA rights, failed to pay federal minimum wage; and provided false and misleading information regarding their employment. The common questions of law are whether defendant violated the Fair Labor Standards Act, the Migrant and Sea-

sonal Agricultural Worker Protection Act, RCW 49.52.050, and whether defendant breached his contract with members of the plaintiff class.

The representative plaintiffs allege that they began their employment on about April 16, 1988, at the rate of pay of $0.13 per pound of asparagus cut. They complained about the low wages about the first week of May. At about the same time defendant instructed them to cut the asparagus at a shorter height, but told them that they would be paid $0.20 per pound, and $5.00 to $6.00 per box. However, they were not paid the $5.00 to $6.00 per box. The representative plaintiffs ceased cutting asparagus for defendant on about May 31, 1988. In addition, plaintiffs allege that they were housed in dilapidated trailers which did not meet health regulations. Finally, plaintiffs allege that about the first week of June 1988, defendant shut off utility services to the trailers where they were living, causing severe hardship, emotional distress, and loss of refrigerated food. Plaintiffs allege the same facts as to the members of the plaintiff class, except that not all members of the class terminated their employment at the end of May 1988, nor did all live in Buley's trailers or have their utility services terminated.

## ANALYSIS

*Plaintiffs' Motion to Strike Opposition Memorandum*

■ Plaintiffs assert that defendant's memorandum in opposition to the motion for class certification was due by February 6, 1989, but was not served until March 1, 1989, 3½ weeks late. No order was entered or sought granting an extension of time. Plaintiffs assert that because defendant has failed to present the court with justification for the late filing the court should treat that initial lack of response as consent to the entry of an adverse order, under Local Rule 7(h)(5). At oral argument defendant advised the court that he inadvertently referred to the Local Rules for the Western District of Washington in determining when his response was due. Plaintiffs' motion is accordingly DENIED.

*Defendant's Motion to Strike Complaint*

Defendant asks the court to strike the complaint, on the basis that the motion for class certification was not filed within 90 days after filing of the complaint, as required by Local Rule 23(a)(3), and no order was sought or obtained granting an extension of time. The complaint was filed on October 25, 1988. The motion for class certification was filed on January 24, 1989. Said motion is HEREBY DENIED.

*Plaintiffs' Motion for Class Certification Fair Labor Standards Act*

■ Under the Fair Labor Standards Act, an employee may initiate a class action on behalf of himself and others similarly situated, 29 U.S.C. § 216(b). The other prerequisites for certification under Fed.R. Civ.P. 23, *infra,* are not applicable to claims arising under the Act. *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir.1977). The Act states:

> An action to recover the liability prescribed in either of the preceding sentences [minimum wages, overtime compensation, liquidated damages or injunctive relief] may be maintained against an employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b).

Plaintiffs' complaint and memoranda support a finding that the individual plaintiffs were similarly situated, albeit there appear to have been some differences in the length of employment with defendant, whether they had second jobs, and whether they lived in defendant's housing. Each allegedly harvested asparagus in the same fields, at the same time, at the same wage rates. Accordingly, the court finds that the requirements of the Fair Labor Standards Act have been met, and collective prosecution of those claims is appropriate.

Only those persons who actually authorize the representation can be included within the class, *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859 (9th Cir.1977). Plaintiffs filed authorizations from 21 members of the potential class (Ct.Rec. 24). In addition, plaintiffs expect that, once the picking season commences, additional members will return to the area and can be contacted at that time. Any additional consent forms must be filed on or before July 3, 1989 in order for said individuals to be included in this action.

*Federal Rules of Civil Procedure*

■ In addition to class certification for claims arising under the Fair Labor Standards Act, plaintiffs assert that certification is appropriate for their other claims pursuant to the federal rules of civil procedure. Fed.R.Civ.P. 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

As for the first criteria, plaintiff asserts that there are approximately 50 members of the potential class, and that joinder of all members would be impracticable. In analyzing this element mere numbers have proven an inconsistent guideline to determine the appropriateness of certification. *See,* Wright, Miller & Kane, 7 *Federal Practice and Procedure: Civil 2d* § 1762. Rather, given a substantial number of potential plaintiffs, as here, courts focus more on the impracticability element, considering such factors as geographical dispersion, degree of sophistication, and class members' reluctance to sue individually, to determine whether joinder would be impracticable.[1]

In the instant case, the joinder of 50 individual migrant workers as plaintiffs would be extremely burdensome, especially in light of their alleged lack of sophistication, limited knowledge of the American legal system, limited or non-existent English skills, and geographic dispersion.[2] Plaintiffs argue that the potential members of the class generally return to the area annually, but that they do not remain for any great length of time, and that they would be afraid to jeopardize their future employment. Defendants do not refute that, and focus solely on the numerosity element, disregarding the impracticability factors.

The second element requires questions of law or fact common to the class. Fed.R. Civ.P. 23(a)(2). However, the rule does not require that all questions of law and fact be common. *Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir.), *cert. denied* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). Thus, although not all potential members of the class appear to have been housed by defendant, and not all worked for precisely the same period of time, they all worked during the limited harvesting season in a single year, and the conditions of employment were allegedly the same, as were the housing conditions for those who were housed by defendant. As the Ninth Circuit stated in *Blackie,* courts take a common sense approach. When the class is united by a common interest in determining

---

1. See *Rodriguez ex rel. Rodriguez v. Berrybrook Farms, Inc.,* 672 F.Supp. 1009 (W.D.Mich.1987) (geographical dispersion of migrant farm workers, lack of sophistication, and reluctance of individual members to sue for fear of jeopardizing future employment in region are appropriate factors to be considered); *Arkansas Educ. Ass'n v. Board of Educ.,* 446 F.2d 763, 765 (8th Cir.1971) (17 members of class sufficient, where teachers remaining in school system could have a natural fear or reluctance to sue individually); *Fernandez–Roque v. Smith,* 91 F.R.D. 117, 122 (N.D.Ga.1981) (joinder impracticable where members have little knowledge of English and the American legal system).

2. Plaintiffs assert that, of the 33 known potential members, only three reside in Washington. Twenty-four reside in Mexico, five in California, and one in New York. In addition, the court takes notice that all twenty-one authorizations for class representation of the FLSA claims were in Spanish.

whether the defendant's course of conduct is, in its broad outlines actionable, differences in the class members' positions should not defeat class certification. *Id.*

The third element is whether the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed.R.Civ.P. 23(a)(3). As discussed *supra,* although there are some differences, most are similar.

The fourth element is that the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ. P. 23(a)(4). Under this element, both the individual representative plaintiffs, and their counsel, must be examined to determine whether their "zeal and competence" are sufficient to adequately prosecute the interests of the class. *Fendler v. Westgate,* 527 F.2d 1168 (9th Cir.1975).[3] In the instant case, plaintiffs assert that the representative plaintiffs were personally injured by defendant's alleged AWPA violations, and that they understand their duties to the other potential class members. In addition, they point out that their counsel, Evergreen Legal Services and its employees, Michelle Mentzer and Guadalupe Gamboa, are experienced in farmworker and labor law. Ms. Mentzer is fluent in Spanish, and has been employed by the Farmworker Division of Evergreen Legal Services for over 3 years. Evergreen has filed three prior class action suits in the Eastern District, all before Judge McNichols.

Defendant challenges the appropriateness of representation by plaintiff Margarito Leyva by arguing that Mr. Leyva was previously an hourly-wage employee of defendant, and therefore was in a totally different situation from the other plaintiffs. Defendant does not, however, contest that Leyva changed from an hourly employee to a piece-work employee during the relevant period. Defendant also alleges various improprieties and/or possible illegal activities by Leyva. However, these allegations are not substantiated with documentation, and plaintiff asserts that these allegations are vague and groundless, and asks the court to ignore them. *See In re Computer Memories Securities Litigation,* 111 F.R.D. 675, 682 (N.D.Cal.1986). As the *Computer Memories* court stated:

> Character attacks made by opponents to a class certification motion and not combined with a showing of a conflict of interest have generally not been sympathetically received in this district. [citation omitted.] Although, the focus of the adequacy determination has been on the competency of counsel and the absence of antagonistic interests between class representatives and class members, not on the personal integrity of class representatives [citation omitted.], it is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs.

*Id.* at 682. One factor considered by that court was whether, should it find the representative plaintiffs inadequate, the effect would be to eliminate any class representation. *Id.* In the instant case, it is questionable whether any other members of the potential plaintiff class are willing or able to be substituted as representative plaintiffs. The *Computer Memories* court also noted the irony in objections made by defendants as to the adequacy of plaintiff class representatives. *Id.*

Defendant next challenges the inclusion of Franco Felix as a representative plaintiff. He asserts that, although Felix does appear to have worked for Buley Farms in 1988 picking asparagus, he must have done so under a different name, or that at least he did not fill out an immigration I–9 form in his own name on or after April 18, 1988, the initial hiring date of most, if not all, of the pickers. Citing *Armour v. City of Anniston,* 89 F.R.D. 331 (N.D.Ala.1980), *affirmed* 654 F.2d 382 (5th Cir.1981), defendant argues that the representative plain-

---

**3.** In *Fendler,* the court denied certification of the class, and dismissed the complaint, after finding that the plaintiff, an attorney, had failed to obey an order of the court directing him to file a third amended complaint limited to certain expressly stated claims. The subsequently amended complaint did not meet the specifications set out by the court, and the court determined that the plaintiff would not be an adequate representative of the class.

tiff's honesty and conscientiousness are factors which the court should consider. However, again defendant has not provided the court with documentation to support his allegations.

The court finds that plaintiffs have offered the court sufficient evidence that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and that they, and their counsel, will adequately and fairly protect the interests of the class.

In addition to the above requirements of Rule 23(a), Fed.R.Civ.P. 23(b) lists three additional criteria, any one of which must be met in addition to the requirements of subsection (a) for an action to be maintainable as a class action. Plaintiffs assert, and the court agrees that, not only do they satisfy the requirements of one of these subsections, they satisfy all three. Rule 23(b) provides:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and

that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.

Plaintiff asserts that the requirements of Rule 23(b)(1)(A) have been met because prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for defendant. Defendant merely asserts that, because of the differences in the workers' situations, potential incompatibility has not been established. Defendant points out that some of the workers were working two jobs at the same time, some were housed by defendant, some of those housed by defendant did not actually work for defendant, and some worked for an hourly wage, rather than piecework. However, these differences are minor, and are insufficient to defeat class certification.

Plaintiffs also assert that certification is appropriate under Rule 23(b)(2), because defendant has acted, or refused to act, on grounds generally applicable to the class. Certification under this subsection focuses on actions seeking injunctive or declaratory relief, rather than actions for monetary damages. In *Elliott v. Weinberger*, 564 F.2d 1219 (9th Cir.1977), the court found certification appropriate under 23(b)(2) where the plaintiffs' primary purpose was injunctive relief, even though they also sought recovery of monetary damages. The court held that the pecuniary recovery sought was purely incidental to the suit's principal purpose, therefore the action was properly certifiable under Rule 23(b)(2). *Id.* at 1228. In the instant case, although plaintiffs seek monetary damages, part of

those damages are being sought under the Fair Labor Standards Act, and its separate class certification criteria, and should not be considered in evaluating the appropriateness of certification of the remaining claims, which have, in addition to the $500 AWPA claims, prayers for injunctive relief. Although the monetary damages element is not *de minimis*, the injunctive relief sought appears to be equally important where migrant workers return annually to a given farm or region. Although certification under this subsection is the weakest of the Rule 23(b) elements, and might not be appropriate as a sole basis for certification, the court finds that certification under Rule 23 is nevertheless appropriate given the strength of the other two 23(b) factors, where only one of the 23(b) factors is required.

Plaintiffs finally assert that they have also met the criteria for certification under Rule 23(b)(3), which requires that the common questions of law and fact predominate over those affecting individual members, and that a class action is superior to other available methods. The commonality issue is addressed above, supporting plaintiffs argument. Given the circumstances of the potential class members, a class action appears superior to joining each migrant worker individually, or requiring them to bring independent actions. With their lack of English, their presumably limited understanding of the legal system, the fact that few live permanently within the Eastern District of Washington, and their generally indigent status, it is highly unlikely that the individual plaintiffs would pursue this litigation if class certification were not allowed. There is currently no other pending litigation on this matter. Even defendant would presumably prefer to litigate this matter in his own district, rather than face potential suits in numerous other districts. Finally, no particular difficulties in managing the class action have been presented to the court. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Class Certification of the Migrant and Seasonal Agricultural Worker Protection Act claims and the breach of contract claims (Ct.Rec. 15), is HEREBY GRANTED pursuant to Fed. R.Civ.P. 23.

2. Plaintiffs' Motion for Class Certification of the Fair Labor Standards Act claims (Ct.Rec. 15) is HEREBY GRANTED, pursuant to 29 U.S.C. § 216.

3. Plaintiffs' Motion to Strike Memorandum in Opposition (Ct.Rec. 25) is HEREBY DENIED.

4. Defendant's Motion to Strike Complaint (Ct.Rec. 29) is HEREBY DENIED.

5. Plaintiffs' Motion for Hearing on Shortened Time (Ct.Rec. 28) is HEREBY GRANTED.

6. Defendant's Motion for Hearing on Shortened Time (Ct.Rec. 32) is HEREBY GRANTED.

7. Plaintiffs shall file any additional consents to sue under the Fair Labor Standards Act, on or before July 3, 1989.

8. The scheduling conference originally set for April 7, 1989 is HEREBY STRICKEN, and is renoted for April 21, 1989 at 8:30 a.m.

IT IS SO ORDERED. The Clerk is directed to enter this Order and furnish copies to counsel.