Jarvin Omar ZELAYA, Luis A. Bernal, Reyes Hernandez–Flores, Eduardo Bernal, Victor M. Bernal and Carlos Ruiz–Zapien, on behalf of themselves and all other similarly situated persons, Plaintiffs,

v.

J.M. MACIAS, INC., d/b/a MI Casita Restaurante Mexicano, Juan M. Macias, Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, Gabriel Macias and Jay Morris, Defendants.

No. 5:96–CV–955–BR(2).

United States District Court, E.D. North Carolina, Western Division.

April 30, 1997.

Robert J. Willis, Raleigh, NC, for Plaintiffs.

Ronnie M. Mitchell, Harris, Mitchell & Hancox, Fayetteville, NC, for Defendants.

*ORDER*

BRITT, District Judge.

This matter is before the court on motion of the individual defendants Juan M. Macias, Denise Macias, Francisco Macias, Carlos Macias, Jesus Macias and Gabriel Macias ("the Macias Defendants") to dismiss. Plaintiffs timely filed a response. The Macias Defendants did not file a reply, and the time in which to do so has passed. This matter is now ripe for decision.

## I. BACKGROUND

Plaintiffs are current and former employees of defendant J.M. Macias, Inc. d/b/a/ Mi Casita Restaurante Mexicano ("JMM") at approximately 10 restaurant locations within North Carolina, including Fayetteville, North Carolina. In their complaint, plaintiffs allege that defendants did not pay them and at least 100 other similarly situated employees at the overtime rate required by the Fair Labor Standards Act (FLSA). Plaintiffs seek a statutory class action pursuant to 29 U.S.C. § 216(b); however, no motion for certification has yet been filed. (Compl.¶¶ 17, 23–29.)

Plaintiffs allege a separate and distinct cause of action pursuant to the North Carolina Wage and Hour Act, N.C. Gen Stat. §§ 95–25.6, 95–25.22(a) and 95–25.22(a)(1) ("NCWHA"). Plaintiffs claim defendants did not pay them all of the weekly wages they were due, at the time they were due or at the correct rate for hours worked in excess of forty hours per week. (Compl.¶¶ 20–21, 30–34.) Plaintiffs allege that their NCWHA claims are typical of those of at least 100 other similarly situated employees and seek to have the NCWHA claim treated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs have not yet filed a motion to certify this class.

JMM and the Macias Defendants[1] maintain that plaintiffs' complaint must be dismissed because 29 U.S.C. § 216(b) precludes

---

1. Defendant Jay Morris is not a party to the instant motion to dismiss.

the possibility of a class action in a wage and hour case and because plaintiffs have failed to allege facts establishing that the Macias Defendants exercised sufficient control over plaintiffs as to qualify as an "employer" within the meaning of the applicable statutes.

## II.  DISCUSSION

For the purposes of a motion to dismiss for failure to state a claim, the factual allegations of plaintiffs' complaint must be taken as true. *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992), *cert. denied sub nom., Hunt v. Republican Party of North Carolina*, 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993). The Fourth Circuit has stated that a motion to dismiss may not be granted unless "... it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle her to relief." *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir.1995).

It is settled law that the class action procedures established by Rule 23 of the Federal Rules of Civil Procedure do not apply to a wage and hour claim made pursuant to the FLSA. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, — U.S. ——, 117 S.Ct. 136, 136 L.Ed.2d 332 (1996); *Leyva v. Buley*, 125 F.R.D. 512, 514 (E.D.Wa.1989). Plaintiffs recognize this authority, and do not seek to apply Rule 23 class action procedures to their FLSA claims. (Plaintiffs' Response at pp 3–4.) Plaintiffs merely assert that the FLSA's prohibition of Rule 23 class actions, and the FLSA's establishment of specific procedures independent of Rule 23 for class action claims brought pursuant to the FLSA, does not bar the application of Rule 23 class action procedures to a separate cause of action pleaded in the same complaint.[2] *See Leyva*, 125 F.R.D. at 514 (certifying a FLSA class action and a Rule 23 class action for claim under Migrant and Seasonal Agricultural Worker Protection Act); *Roman v. Korson*, 152 F.R.D. 101, 103–105 (W.D.Mi.1993) (same)

As noted above, there is no motion for class certification, pursuant to the FLSA or Rule 23, in front of the court at this time. The court assumes that plaintiffs will file such motions, and the propriety of the specifics regarding class certification will be addressed at that time.

Defendants also assert that plaintiffs have failed to allege facts sufficient to establish that the Macias Defendants were their "employer" within the meaning of the FLSA. Employer status under the FLSA turns upon the degree of control and direction one has over the daily work of an individual. *Haywood v. Barnes*, 109 F.R.D. 568, 589 (E.D.N.C.1986). The right to control, not necessarily the actual existence of control, is important. *Id.* (citing *McGuire v. United States*, 349 F.2d 644, 646 (9th Cir.1965)).

As stated above, it is established law that the allegations made by plaintiff must be taken as true. As such, the court finds that it is possible that plaintiffs could prove the necessary facts to establish that the Macias Defendants were their employers. The Macias Defendants' motion to dismiss is premature and must be denied.

## III.  CONCLUSION

For the reasons stated above, defendants' motion to dismiss is DENIED.

---

**2.**  29 U.S.C. § 216(b) creates a class action procedure for alleged violations of the FLSA and requires all plaintiffs who wish to participate to affirmatively "opt in" to the litigation. Conversely, Rule 23 requires all plaintiffs who do not wish to be a part of the class action to "opt out" of the lawsuit.