Ana Rosa BELTRAN–BENITEZ, Azucena Hernandez–Camacho, Magdalena Cuevas–Higuera, Sandra Sandoval Armenta, Eva Luz Nunez–Alcantar, and Maria Martha Nunez–Alcantar, individually and on behalf of themselves and all others similarly situated, Plaintiffs,

v.

SEA SAFARI, LTD., W.E. Bateman, III, Rose Davis, and Tammy Cota, Defendants.

No. 4:01–CV–100–H(3).

United States District Court, E.D. North Carolina.

Nov. 7, 2001.

Robert J. Willis, William D. Rowe, Carol Brooke, N.C. Justice and Community, Raleigh, NC, for plaintiffs.

Albert R. Bell, Jr., Cindi M. Quay, J. Randall Hiner, Ward & Smith, New Bern, NC, for defendants.

### ORDER

HOWARD, District Judge.

This matter is before the court on defendants' motion to dismiss pursuant to Fed.

R.Civ.P. 12(b). Plaintiffs have responded and defendants filed a reply to that response. The matter is ripe for adjudication.

## STATEMENT OF THE CASE

Plaintiffs are current and former employees of defendants who were recruited to work in defendants' seafood processing plant as "crab pickers." Plaintiffs, who seek class certification, allege that defendants failed to pay them at the overtime wage rate required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and that defendants improperly deducted certain wage amounts from plaintiffs' paychecks without notification, in violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§ 95–25.1 *et. seq.*

The instant motion filed by defendants seeks dismissal of the state law claims based on the allegedly "irreconcilable" nature of two statutes governing the action. Those statutes, § 216(b) of the FLSA and Fed.R.Civ.P. 23, both detail general procedures plaintiffs must follow in order to bring class actions under the respective statutes. *See* 29 U.S.C. § 216(b); Fed. R.Civ.P. 23(c)(2).

## COURT'S DISCUSSION

### I. Standard of Review

Although defendants' motion alleges Fed.R.Civ.P. 12(b) as the basis for its dismissal request, a review of their memoranda reveals that their primary argument asks this court to use its discretion under 28 U.S.C. 1367(c) to decline the exercise of supplemental jurisdiction over the state law claims. Nevertheless, defendants' first defense alleges that plaintiffs' claim under NCWHA "fails to state a claim upon which relief can be granted." Accordingly, the motion still invokes general Fed. R.Civ.P. 12(b)(6) standards.

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. *See Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir.1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999) (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir.1992)). After accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, motions to dismiss are granted only where the plaintiff can prove no set of facts which would entitle him to relief. *See Mylan Lab. Inc. v. Matkari,* 7 F.3d 1130 (4th Cir.1993).

### II. Analysis

Under 28 U.S.C. 1367(c)(4), a federal court may decline to exercise supplemental jurisdiction over factually related state claims if there exist "compelling reasons" to do so. Despite this, "[d]istrict courts traditionally have exercised this discretion in favor of supplemental jurisdiction where ... 'considerations of judicial economy, convenience and fairness to litigants' weigh in favor of hearing the state law claims at the same time as the federal law claims." *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 90 (S.D.N.Y.2001) (citations omitted). The Supreme Court has also noted that judicial economy is served by bringing together claims which "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Moreover, the jurisdictional statute makes clear that declining supplemental jurisdiction over related state claims is

an "exceptional circumstance[ ]." 28 U.S.C. 1367(c)(4). Defendants claim that the purported conflict between 29 U.S.C. § 216(b) and Fed.R.Civ.P. 23 constitutes such an exceptional circumstance. The court disagrees.

The crux of defendants' argument is that the provisions of these two statutes conflict because one employs an "opt in" scheme while the other binds all class members unless they "opt out." Under § 216(b) of the FLSA, an employee cannot be a plaintiff "unless he gives his consent in writing to become such a party and such consent is filed in the court." By contrast, under Fed.R.Civ.P. 23(c)(2), each member of the class is bound by the court's judgment unless the class member requests exclusion from the class. The rationale for not allowing a Rule 23 class as a supplemental claim is that the mandatory notice requirement of Rule 23 cannot be reconciled with the "opt in" requirement of § 216(b).

The court finds this rationale unpersuasive. First, this court has previously determined that FLSA's prohibition of Rule 23 class actions does not bar the application of Rule 23 to a separate cause of action in the same complaint. See *Zelaya v. J.M. Macias, Inc.*, 175 F.R.D. 625, 626 (E.D.N.C.1997). In the instant case, the potential Rule 23 class action is predicated on a separate cause of action under the NCWHA. Second, defendants' contention that allowing a Rule 23 class action along with a statutory class action under § 216(b) will "prohibit an orderly ... disposition of this case" is not grounded in fact. Both claims raise the same basic grievance: that plaintiffs were not paid the amount required under FLSA or under NCWHA. Resolving the NCWHA claims along with the FLSA claims will not be unduly burdensome, and is encouraged by the Supreme Court precedent in *Gibbs*, 383 U.S. at 725–28, 86 S.Ct. 1130 (encouraging discretionary district court jurisdic-

tion over factually related state claims). In this case, "[t]he essential facts and issues are likely to be the same, and pretrial proceedings are not likely to be materially more burdensome, nor is it likely that a trial will be materially prolonged, if supplemental jurisdiction is exercised over the related" claims. *Ansoumana*, 201 F.R.D. at 90.

### CONCLUSION

Based on the foregoing analysis, defendants' motion to dismiss plaintiffs' state law claims is DENIED.