Celedonio **SILVA–ARRIAGA, Liborio Cabino–Martinez, Carlos Martinez–Garcia and Juan Zavala–Campos, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**TEXAS EXPRESS, INC. and Services to Agriculture I, L.L.C., Defendants.**

No. 2:03–CV–690–FtM–29SPC.

United States District Court, M.D. Florida, Fort Myers Division.

Aug. 9, 2004.

Gregory S. Schell, Migrant Farmworker Justice Project, Lake Worth, FL, for Plaintiffs.

David J. Stefany, Allen, Norton & Blue, Tampa, FL, for Defendants.

## ORDER

STEELE, District Judge.

This matter comes before the Court on Plaintiffs' Motion For Declaration of a Class Action (Doc. # 14) and Memorandum of Law in Support (Doc. # 15) filed on March 30, 2004. Defendants filed a Response (Doc. # 25) on May 24, 2004.

## I.

The facts, as set forth in the Complaint (Doc. # 1), are as follows. Plaintiffs are four migrant agricultural workers. During the summer of 2003, defendants hired plaintiffs and over 200 other individuals to harvest defendants' lemon crop in and near Hendry County, Florida. Plaintiffs worked for defendants from approximately July 2003 through September 2003. Plaintiffs two-count Complaint (Doc. # 1) alleges violations

of (1) the Migrant and Seasonal Agricultural Worker Protection Act (commonly referred to as the AWPA), 29 U.S.C. § 1801, *et seq.*, and (2) the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

Plaintiffs move to certify a class of persons who allegedly were injured by defendants' violations of the AWPA.[1] Specifically, plaintiffs contend that defendants violated the AWPA during the 2003 Florida lemon harvest by: (1) failing to make, keep and preserve certain records regarding plaintiffs' work, including the number of compensable hours worked by plaintiffs; (2) failing to provide plaintiffs on each pay day with written statements containing certain data required to be disclosed, including the number of compensable hours plaintiffs were employed during the workweek; and (3) failing to pay plaintiffs their wages when due for work performed, including sums due under the minimum wage provisions of the FLSA.

## II.

Whether to certify a class is a matter within the discretion of the Court. *Moore v. American Fed'n of Television & Radio Artists*, 216 F.3d 1236, 1241 (11th Cir.2000), *cert. denied*, 533 U.S. 950, 121 S.Ct. 2592, 150 L.Ed.2d 751 (2001). "The initial burden of proof to establish the propriety of class certification rests with the advocate of the class." *Rutstein v. Avis Rent–A– Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir.2000), *cert. denied*, 532 U.S. 919, 121 S.Ct. 1354, 149 L.Ed.2d 285 (2001). As an initial matter, a prerequisite to class certification is that "it must be established that the proposed class representatives have standing to pursue the claims as to which classwide relief is sought." *Wooden v. Board of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1287 (11th Cir.2001). Neither party has addressed the standing of the proposed class representatives. After reviewing the allegations in the Complaint, the Court concludes that the proposed class representatives have standing to pursue the claims in Count I of the Complaint.

---

1. Plaintiffs' Motion For Declaration of a Class Action (Doc. # 14) is limited to their claims under the AWPA in Count I of the Complaint.

Plaintiffs do not seek to certify a class with respect to the alleged violations of the FLSA in Count II of the Complaint.

To obtain class certification, plaintiffs must satisfy all four of the threshold requirements set forth in Rule 23(a), Federal Rules of Civil Procedure, and then show that the action is maintainable under at least one of the three provisions of Rule 23(b). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613–14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Turner v. Beneficial Corp.,* 242 F.3d 1023, 1025 (11th Cir.2001) (*en banc*), *cert. denied,* 534 U.S. 820, 122 S.Ct. 51, 151 L.Ed.2d 21. The four threshold requirements are (1) numerosity: the class is so numerous that joinder of all members is impractical; (2) commonality: questions of law or fact are common to the class; (3) typicality: the representatives of the class present claims or defenses that are typical of the class; (4) adequacy: the representatives of the class will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); *Turner,* 242 F.3d at 1025 n. 3; *Pickett v. Iowa Beef Processors,* 209 F.3d 1276, 1279 (11th Cir.2000). Rule 23(b) requires plaintiffs to show that either (1) prosecution by separate actions would create a risk of inconsistent results; or (2) defendants have acted in ways generally applicable to the class, making declaratory or injunctive relief appropriate; or (3) common questions of law or fact predominate over individual issues. *Moore,* 216 F.3d at 1241.

Plaintiffs seek certification of a class defined as:

> All migrant or seasonal agricultural workers, as defined by the AWPA, 29 U.S.C. §§ 1802(8) and 1802(10), who were employed harvesting lemons for the Defendants during the 2003 Florida lemon harvest, extending from approximately July through September.

(Doc. # 14, p. 2). Plaintiffs contend that the requirements of Rule 23(a), and that the predominance and superiority requirements of Fed.R.Civ.P. 23(b)(3) are satisfied. Defendants challenge only the predominance requirement of Fed.R.Civ.P. 23(b)(3).[2]

2. The Court notes that defendants' Response (Doc. # 25), which consists of one and one-half pages of argument without citation to any case law, states that defendants object to class certification under Rule 23(b)(3). Thus, defendants' Response does not challenge the satisfaction of

## A. Rule 23(a) Requirements

### (1) Numerosity:

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impractical. Practicability of joinder depends on many factors, including the size of the class, ease of identifying its numbers and determining their addresses, the facility of making service on them if joined, and their geographic dispersion. *Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir. 1986). There is no specific number of class members necessary to show the impracticability of joinder, and it is not necessary that the precise number of class members be known; plaintiffs, however, must show some evidence or reasonable estimate of the number of class members. *Id.*

Plaintiffs contend that the numerosity requirement is met for three reasons. First, the size of the class is over 200 individuals who are believed to have picked lemons for defendants during the 2003 harvest. Second, the class is geographically diverse as many of these individuals maintain their permanent homes throughout the United States, Mexico and Central America. Third, most of the class members are monolingual Spanish speakers who lack proficiency in English and who are relatively unfamiliar with the American legal system. (Doc. # 15, pp. 4–6). Defendants do not dispute that the numerosity requirement is satisfied. After reviewing plaintiffs' contentions under the standard outlined above, the Court agrees with plaintiffs that the joinder of over 200 individual migrant agricultural workers as plaintiffs would be extremely burdensome, especially in light of their alleged lack of sophistication, limited knowledge of the American legal system, limited or non-existent English skills, and geographic dispersion. Thus, the Court concludes that plaintiffs have satisfied the numerosity requirement under Rule 23(a). *See Rodriguez v. Carlson,* 166 F.R.D. 465, 472 (E.D.Wash.1996) (concluding same with

the requirements under Rule 23(a). Although defendants have not specifically identified which requirement under Rule 23(b)(3) is not met, the Court reads defendants' objection to pertain only to the predominance requirement and not the superiority requirement.

respect to class of 100 migrant workers), citing *Leyva v. Buley,* 125 F.R.D. 512, 515 (E.D.Wash.1989).

### (2) Typicality:

 "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large. Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Wooden,* 247 F.3d at 1287 (citation and alteration omitted). Typicality [3] is satisfied where the named plaintiffs' claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines. Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). The typicality requirement may be satisfied despite substantial factual differences, however, when there is a strong similarity of legal theories." *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir.2001) (citation and quotation omitted).

 Plaintiffs contend that the typicality requirement is met because the claims of the named plaintiffs are identical in all relevant aspects to those of the potential class members. Plaintiffs contend that defendants failed to keep records, issue wage statements, and pay wages to plaintiffs and to the over 200 prospective class members during the 2003 lemon harvest. Thus, plaintiffs assert that if the named plaintiffs are to succeed on their own claims, they "must establish that the Defendants violated the AWPA in precisely the same manner as is alleged with regard to the other class members"

(Doc. # 15, pp. 9–11). Defendants do not dispute that the typicality requirement is satisfied. After reviewing plaintiffs' contentions under the standard outlined above, the Court concludes that plaintiffs have satisfied the typicality requirement under Rule 23(a).

### (3) Commonality:

 "Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof." *Murray,* 244 F.3d at 811. Plaintiffs contend that common questions of law and fact exist between themselves and the more than 200 other migrant agricultural workers employed by defendants during the 2003 lemon harvest. Specifically, plaintiffs identify the common factual questions to include the following:

a. Whether the Defendants made, kept and preserved payroll records as required by the AWPA and its implementing regulations with respect to the labor of the Plaintiffs and the other class members;

b. Whether the Defendants provided to the Plaintiffs and the other members of the class wage statements on each payday as required by the AWPA and its implementing regulations;

c. Whether the Defendants failed to pay the Plaintiffs and other class members their wages promptly when due.

Further, plaintiffs identify the common legal questions as including whether these actions by defendants violated the AWPA and whether such violations were "intentional" within the meaning the AWPA. (Doc. # 15, pp. 6–9). Defendants do not dispute that the commonality requirement is satisfied. After reviewing plaintiffs' contentions under the standard outlined above, the Court concludes

---

**3.** While separate elements, "[i]n may ways, the commonality and typicality requirements of Rule 23(a) overlap. Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of the individual class members to warrant class certification." *Prado–Steiman v. Bush,* 221 F.3d 1266, 1278–79 (11th Cir.2000) (citations omitted). "Traditionally, commonality refers to the group characteristics of the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Id.* at 1279. Neither typicality nor commonality require that all putative class members share identical claims, and both may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large. *Id.* at 1279 n. 14.

that plaintiffs have satisfied the commonality requirement under Rule 23(a).

### (4) Adequacy of Representation:

 Rule 23(a)(4) requires that the parties representing a class fairly and adequately protect the interests of the class. The purpose of the adequacy requirement is to protect the legal rights of the unnamed class members. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir.1987), *cert. denied*, 485 U.S. 959, 108 S.Ct. 1220, 1221, 99 L.Ed.2d 421 (1988). Because all potential members of a class will be bound by the effect of a judgment, the Court must inquire into whether the plaintiffs' counsel is qualified to carry out the litigation, "whether plaintiffs have interests antagonistic to those of the rest of the class," and whether the plaintiffs possess the "personal characteristics and integrity necessary to fulfill the fiduciary role of class representative." *Kirkpatrick*, 827 F.2d at 726, quoting *Griffin v. Carlin*, 755 F.2d 1516, 1532 (11th Cir.1985). However, "adequate class representation generally does not require that the named plaintiffs demonstrate to any particular degree that individually they will pursue with vigor the legal claims of the class." *Kirkpatrick*, 827 F.2d at 727. Furthermore, a party's claim of representative status is defeated only if there exists a fundamental conflict between the representative and the class, going into the specific issues in controversy. *Pickett*, 209 F.3d at 1280.

 Plaintiffs contend that this requirement is met because their interests "are in no way antagonistic to those of the other class members" and the named plaintiffs "will not benefit in any way from actions that will prove harmful to the interests of the class members." In addition, plaintiffs assert that all of the class members "will bene-fit from the relief sought by receiving damages under the AWPA." Finally, plaintiffs point out that their counsel have litigated numerous actions on behalf of migrant agricultural workers under the AWPA, many of which have been class actions, and, thus, are competent to pursue this litigation. (Doc. # 15, pp. 11–12). Defendants do not dispute that the adequacy of representation requirement is satisfied. After reviewing plaintiffs' contentions under the standard outlined above, the Court concludes that plaintiffs have satisfied the adequacy of representation requirement under Rule 23(a).

### B. Rule 23(b) Requirements

 In the present case, plaintiffs assert that their claims are maintainable as a class under Rule 23(b)(3) [4]. This requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members and that a class action is superior to other available methods of litigation. *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1359 (11th Cir.2002), *cert. denied*, 537 U.S. 884, 123 S.Ct. 117, 154 L.Ed.2d 143. Plaintiffs must establish both the predominance and increased efficiency requirements. *Id.*

### (1) Predominance:

 "In order to determine whether common questions predominate, 'we are called upon to examine the cause of action asserted in the complaint on behalf of the putative class.' Whether an issue predominates can only be determined after considering what value the resolution of the classwide issue will have in each class member's underlying cause of action." *Rutstein*, 211 F.3d at 1234 (citations and alterations omitted); *see also Jackson v. Motel 6 Multipur-*

---

4. Fed.R.Civ.P. 23(b)(3) provides the following:
 (b) Class Action Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
 . . . .
 (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods of contro-versy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*pose, Inc.,* 130 F.3d 999, 1005 (11th Cir.1997). The predominance inquiry focuses on the legal or factual questions that qualify each class member's case as a genuine controversy, and is far more demanding than Rule 23(a)'s commonality requirement. *Rutstein,* 211 F.3d at 1234.

■ Defendants contend that plaintiffs have not established that the predominance requirement is met. Specifically, defendants contend that plaintiffs have not identified sufficient factual information by which defendants can determine whether the named plaintiffs' claims share common questions of fact and law with the claims of other proposed class members. In this regard, defendants assert that plaintiffs "have not established a factual predicate for the time periods in which they claim to have worked, the individual crews they worked with, nor have they demonstrated how their specific claims are representative of similar claims for others, and how they would fairly and adequately represent the interests of such others in the proposed class." (Doc. # 25, pp. 1–2). The Court disagrees with defendants' contentions.

The AWPA violations alleged in the Complaint can be grouped into three issues: (1) whether defendants failed to keep and preserve payroll records; (2) whether defendants failed to provide wage statements on each payday; and (3) whether defendants failed to pay wages promptly when due. The Complaint alleges that these issues of fact and law are common to the named plaintiffs and to a class of over 200 individuals who worked for defendants in and near the Hendry County, Florida area during the 2003 lemon harvest. Neither party has raised any factual or legal issue that affects these some 200 individuals that are not common to the proposed class. In fact, the resolution of the three class-wide issues listed above will resolve each potential class member's underlying cause of action against defendants under the AWPA. Defendants have not raised an argument to the contrary. Thus, the Court concludes that plaintiffs have shown adequately that common questions of fact and law predominate over any issues affecting individual members of the class.

**(2) Superiority of Class Action:**

■ For certification under Rule 23(b)(3) the Court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. 23(b)(3). As explained above, Rule 23(b)(3) provides that there are four matters pertinent to this finding:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3)(A)-(D). "Issues of class action manageability encompass the 'whole range of practical problems that may render the class action format inappropriate for a particular suit.'" *Andrews v. American Tel. & Tel., Co.,* 95 F.3d 1014, 1023 (11th Cir.1996) (citation omitted). Plaintiffs contend that a class action is superior to other available methods for resolving the present dispute and that an examination of the four factors listed above support this contention. (Doc. # 15, pp. 13–16). Defendants do not dispute plaintiffs' contention.

■ The Court agrees with plaintiffs and concludes that a class action is superior to joining each migrant agricultural worker individually, or requiring them to bring independent actions. Given their limited English skills and limited understanding of the legal system, along with the fact that few live permanently within the Middle District of Florida, it is highly unlikely that the individual plaintiffs would pursue this litigation if class certification were not allowed. There is currently no other pending litigation on this subject matter against these defendants. Finally, no particular difficulties in managing the class action have been presented to the Court. Thus, the Court concludes that plaintiffs have established that a class action is superior to other available methods for the fair and efficient adjudication of this contro-

versy. *See Rodriguez*, 166 F.R.D. at 479–80, citing *Leyva*, 125 F.R.D. at 518.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion For Declaration of a Class Action (Doc. # 14) as to Count I of the Complaint (Doc. # 1) is **GRANTED.** The class is defined as:

All migrant or seasonal agricultural workers, as defined by the AWPA, 29 U.S.C. §§ 1802(8) and 1802(10), who were employed harvesting lemons for the Defendants during the 2003 Florida lemon harvest, extending from approximately July through September, 2003.